## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEKLE WISSEH,

        *Plaintiff,*

    v.

PROGRESSIVE DIRECT INSURANCE
COMPANY,

        *Defendant.*

CIVIL ACTION
NO. 26-134

**Pappert, J.**                                             **March 16, 2026**
### MEMORANDUM

On March 15, 2025, Sekle Wisseh was struck and injured by another car while at a red light in Philadelphia.  (Am. Compl. ¶ 4, Dkt. No. 7.)  He sought insurance benefits from his carrier, Progressive Direct Insurance Company.  (*Id.* ¶¶ 5–6.)  Progressive purportedly delayed and denied payment without a reasonable basis.  (*Id.* ¶ 9.)

Acting *pro se*, Wisseh sued Progressive on December 10, 2025 in the Philadelphia County Court of Common Pleas.  (Not. of Removal ¶ 1, Dkt. No. 1.)  Progressive removed the case to federal court, (*id.*), and Wisseh filed an amended complaint in which he asserted claims for breach of contract, bad faith, abuse of process, and declaratory relief, (Am. Compl. at 2–3.)  Progressive moved to dismiss all claims but the breach of contract claim under Federal Rule of Civil Procedure 12(b)(6), and Wisseh responded in opposition.[1]  The Court grants the motion and dismisses the bad faith and

---

[1]    The Court initially granted Progressive's motion to dismiss after Wisseh did not respond. (Feb. 23, 2026 Order, Dkt. No. 14.)  He moved for reconsideration because counsel did not serve him with the motion to dismiss until February 17.  *See generally* (Mot. for Reconsideration, Dkt. No. 15.) The Court granted the motion, vacated its original order, and provided Wisseh two weeks to respond to the motion to dismiss, (Mar. 3, 2026 Order, Dkt. No. 17), which he did, (Pl.'s Reply, Dkt. No. 18.)

abuse of process claims without prejudice and the declaratory relief claim with prejudice.

I

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

II

Pennsylvania's bad faith statute provides a court may award interest, punitive damages, and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. Stat. & Cons. Stat. Ann. § 8371. Courts have defined "bad faith" as "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Wash. Nat'l Ins.*, 170 A.3d 364, 377 (Pa. 2017); *see also Post v. St. Paul Travelers Ins.*, 691 F.3d 500, 522 (3d Cir. 2012) (citation omitted).

Various actions by an insurer can rise to the level of bad faith, such as "lack of investigation into the facts[] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins.*, 908 F. Supp. 2d 656, 669 (W.D. Pa. 2012) (citation omitted); *Corch Constr. Co. v. Assurance Co. of Am.*, 64 Pa. D. & C.4th 496, 515 (Pa. Ct. C.P. Oct. 28, 2003). But "mere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Post*, 691 F.3d at 523 (citing *Frog, Switch & Mfg.*, 193 F.3d. at 751 n.9).

Wisseh alleges Progressive "acted in bad faith by delaying and denying payment with a reasonable basis." (Am. Compl. ¶ 9.) Progressive purportedly "continued" with that conduct "after suit was filed." (Am. Compl. ¶ 10.) But those assertions allege no facts about why Progressive lacked a reasonable basis for denying Wisseh benefits and how it did so knowingly or recklessly. *See, e.g., Smith v. State Farm Mut. Auto. Ins.*, 506

F. App'x 133, 136 (3d Cir. 2012) (rejecting conclusory allegations of bad faith); *Barbor v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 WL 3678660, at *5 (E.D. Pa. Aug. 6, 2024) (same); *Camp v. N.J. Mfrs. Ins.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016) (same); *Pasqualino v. State Farm Mut. Auto. Ins.*, No. 15-77, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015) (same).

To the extent Wisseh complains about the length of Progressive's investigation, that too fails. Less than seven months passed from the car accident on March 15 to his state court complaint on December 10. *Young v. State Farm Auto. Ins.*, 614 F. Supp. 3d 153, 156–57 (E.D. Pa. 2022) ("[C]ourts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months" (citation omitted)); *Grossi v. Travelers Pers. Ins.*, 79 A.3d 1141, 1149 (Pa. Super. Ct. 2013) (finding that a one-year delay was "not *per se* bad faith"); *Bernstein v. Geico Cas. Co.*, No. 19-CV-1899, 2020 WL 1308226, at *4 (E.D. Pa. Mar. 19, 2020) (finding no bad faith when an insurer delayed its investigation for fifteen months).

## III

To state a claim for abuse of process under Pennsylvania law, a plaintiff must plausibly allege the defendant "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Polysciences, Inc. v. Masrud*, No. 22-1767, 2023 WL 3377084, at *1 (3d Cir. May 11, 2023) (quoting *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. Ct. 2002)). Wisseh alleges none of that, only contending Progressive "misused claims procedures to retaliate against" him. (Am. Compl. ¶ 11.)

4

IV

Courts "regularly decline" to award declaratory relief when it is "duplicative of another claim." *Kapotas v. CTP Funding, LLC*, No. 24-1995, 2025 WL 2250003, at *11 (E.D. Pa. Aug. 6, 2025) (citations omitted). A claim is duplicative when "adjudication of the latter will necessarily require resolution of the former." *In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d 622, 640 (E.D. Pa. 2017).

In Count I, Wisseh alleges Progressive "breached its insurance contract by failing to pay medical benefits." (Am. Compl. ¶ 8.) In Count V, Wisseh "seeks a declaration of coverage and payment obligations." (*Id.* ¶ 12.) Wisseh's declaratory relief claim duplicates his breach of contract claim. To prove Progressive breached the terms of the policy, Wisseh must prove he is covered under it. *See Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991), *aff'd* 618 A.2d 395 (Pa. 1993) ("It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract.") (citation omitted); *see also Kapotas*, 2025 WL 2250003, at *11 (dismissing a declaratory relief claim for being duplicative of a breach of contract claim); *PGT Trucking, Inc. v. Evanston Ins.*, No. 24-4503, 2025 WL 607971, at *2 (E.D. Pa. Feb. 25, 2025) (same); *Westbrook Monster Mix Co., LLC v. Easy Gardner Prods., Inc.*, No. 23-2952, 2024 WL 816243, at *1 n.1 (E.D. Pa. Feb. 27, 2024) (same); *Siegel v. Goldstein*, 657 F. Supp. 3d 646, 662 (E.D. Pa. 2023) (same); *Butta*, 400 F. Supp. 3d at 234 (same); *In re Lincoln*, 269 F. Supp. 3d at 639–40 (same).

V

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to

amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Wisseh may amend Counts II, III and IV consistent with this Memorandum and to the extent he can allege facts sufficient to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.