## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEKLE WISSEH,

      *Plaintiff,*

    v.

PROGRESSIVE DIRECT INSURANCE
COMPANY,

      *Defendant.*

CIVIL ACTION
NO. 26-134

## ORDER

**AND NOW**, this 16th day of March 2026, upon consideration of Defendant's

Motion to Dismiss, (Dkt. No. 12), the Plaintiff's Reply in Support of Motion for

Reconsideration and/or To Vacate Dismissal Order and in Opposition to Defendant's

Response, (Dkt. No. 18), and the Plaintiff's Second Amended Complaint, Opposition

Brief, and Statement of Material Facts, (Dkt. No. 19), it is hereby **ORDERED** that the

motion is **GRANTED** as follows:

1. Counts II, III, and IV are **DISMISSED without prejudice**.

2. Count V is **DISMISSED with prejudice**.

3. The Plaintiff's Second Amended Complaint, (Dkt. No. 19), is

    **STRICKEN**.[1]

---

[1] Under Federal Rule of Civil Procedure 15(a), if a pleading requires a responsive pleading, a party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a) thus terminates the right to amend within twenty-one days "whether a responsive pleading or a Rule 12 motion is involved." 6 *Wright & Miller's Federal Practice & Procedure* § 1483 (5th ed. 2025). Progressive served Wisseh with its motion to dismiss on February 17, 2026, *see* (Mot. for Reconsideration at 4, Ex. A, Dkt. No. 15), and Wisseh filed the Second Amended Complaint more than twenty-one days after that, (Dkt. No. 19.) Wisseh's pleading is thus untimely as a matter of course, and he never moved for leave to amend.

4.      Plaintiff may file a second amended complaint consistent with the

accompanying memorandum on or before **April 16, 2026**.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.